# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2013

Lyle W. Cayce
Clerk

No. 11-51191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO MIRELES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-210-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roberto Mireles appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. He argues that the district court erred in imposing a leadership sentencing enhancement pursuant to U.S.S.G. § 3B1.1(c).

The facts set forth in the Presentence Report (PSR) reflect that Mireles recruited his codefendant, Ernesto Fierro, and gave him instructions concerning obtaining the cocaine from two unknown persons and delivering it to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant. Although Mireles identified a witness who he stated could corroborate his allegation that Fierro was the actual leader or organizer of the conspiracy, the Government interviewed the witness and determined that the witness was not credible. Because Mireles did not present any evidence to rebut the facts in the PSR, the district court was entitled to rely on those facts. *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). Those facts support the district court's finding that Mireles acted as a leader or organizer. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005); *United States v. Giraldo*, 111 F.3d 21, 24-25 (5th Cir. 1997).

Mireles argues that the district court erred in not considering his statement for purposes of awarding a safety valve adjustment under U.S.S.G. § 5C1.2. At sentencing, the Government stated that Mireles had not been truthful in his debriefing; that he attempted to minimize his role in the offense by alleging that Fierro was the actual leader or organizer; and that the information in Mireles's statement was not fruitful. Thus, the record supports the district court's determination that Mireles was not entitled to the safety valve adjustment because he was not truthful with the Government in his debriefing and because the district court determined that he was a leader or organizer in the conspiracy. Therefore, Mireles did not meet his burden to establish that he was entitled to the safety valve adjustment. *See United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

AFFRIMED.